IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| WILLIAM M. MCLEAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 5:14-CV-391 (WLS) |
| ELLIOT MACHINE SHOP, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court is Plaintiff William McLean's Motion to Proceed *In Forma Pauperis*. (Doc. 2.) For the following reasons, the Court **GRANTS** McClean's Motion for Leave to Proceed *In Forma Pauperis* and **DISMISSES** McClean's complaint.

This Court must follow a well-established two-step procedure in processing a case filed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. *Cotton v. Georgia*, No. 5:07-cv-159, 2007 WL 1810231, at *1 (M.D. Ga. June 21, 2007). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). "Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious." *Id.*

According to his IFP Application, McClean is currently employed at the Bass Pro Shop, and his average net monthly income from that job is $510. Additionally, McClean has earned $2,680.57 in the past twelve months as an independent insurance sales representative. McClean has less than $1,000 in a checking account and $5,000 in a savings account. McClean also states that he owns a $15,000 CD for emergency savings and retirement and 20 acres of land. McClean reports that he spends all of his monthly income on bills. The Court finds that McClean's expenses exceed his current monthly income and that he therefore qualifies to proceed *in forma pauperis*.

With McClean's indigent status confirmed, the Court must conduct a review of his Complaint under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires a court to dismiss an

1

indigent party's case at any time if the court determines that the party's action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  The Court acknowledges that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hyland v. Kolhage*, 158 F. App'x 194, 196 (11th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the Court also recognizes that "even in the case of pro se litigants this leniency does not give a court license to serve as a *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), overruled on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). In summary, "[c]ourts show leniency to pro se litigants, however, pro se litigants are still required to conform to the procedural rules, and the court is not required to rewrite deficient pleadings."  *Jacox v. Dep't of Def.*, 291 Fed. App'x 318, 318 (11th Cir. 2008) (citing *GJR Invs.*, 132 F.3d at 1369).

McClean's "Complaint" (Doc. 1) consists only of a copy of his Motion to Proceed *In Forma Pauperis*, his EEOC notice of right to sue, and his EEOC charge of discrimination. This is insufficient under Federal Rule of Civil Procedure Rule 8's pleading requirements. On November 19, 2014 the Court ordered McClean to file an amended complaint complying with the pleading requirements set forth in Federal Rule of Civil Procedure 8 within fourteen (14) days.  McClean did not timely comply with the Order. The Court therefore finds that McLean's Complaint must be dismissed for its failure to state a claim and to comply with the Federal Rules of Civil Procedure.

McClean's Complaint (Doc. 1) is hereby **DISMISSED** without prejudice.

**SO ORDERED**, this 9th day of December, 2014.

                                                  /s/ W. Louis Sands
                                                  **W. LOUIS SANDS, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**